IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RARE BREED TRIGGERS, LLC, et al., | § § § § § § § § § § § § § § | CASE NO. 1:L21cv149-RH-HTC |
| Plaintiffs, | | |
| V. | | |
| BIG DADDY ENTERPRISES, INC., et al., | | |
| Defendants. | | |
| and | | |
| RARE BREED TRIGGERS, LLC, ET AL., | § § § § § § § § § § § § § | CASE NO. 1:22cv61-RH-HTC |
| Plaintiffs, | | |
| V. | | |
| Big Daddy Unlimited, Inc, et al. | | |
| Defendants. | | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Rare Breed Triggers, LLC, and ABC IP, LLC (together, "Plaintiffs") and Defendants in Case No. 1:21cv149-RH-HTC Big Daddy

Enterprises, Inc., Big Daddy Unlimited, Inc., Wide Open Enterprises, LLC, We Got Ammo, Inc., Anthony McKnight, Sherrie McKnight, and Douglas Rios, and Defendants in Case No. 1:22cv61-RH-HTC Big Daddy Unlimited, Inc., Big Daddy Enterprises, Inc., and Blackstock, Inc. (together, "Defendants") (collectively, "the Parties") filed a Joint Motion for Entry of Consent Judgment and Permanent Injunction informing the Court that they have agreed to the entry of this Final Judgment.

The Parties advise the Court that they **HEREBY STIPULATE AND AGREE TO THE FOLLOWING:**

1. These are actions for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 et. seq. and 15 U.S.C. § 1051 *et seq.* The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338(a).

2. The Court has personal jurisdiction over the parties and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1400.

3. Rare Breed Triggers, LLC ("Rare Breed") is a limited liability company organized under the laws of the State of North Dakota.

4. ABC IP, LLC ("ABC") is a limited liability company organized under the laws of the State of Delaware.

5. Big Daddy Enterprises, Inc. ("BDE") is a corporation organized under the laws of the State of Florida.

6. Big Daddy Unlimited, Inc. ("BDU") is a corporation organized under the laws of the State of Florida.

7. Wide Open Enterprises, Inc. ("WOE") is a corporation organized under the laws of the State of New Mexico.

8. We Got Ammo, Inc. ("WGA") is a corporation organized under the laws of the State of Florida.

9. Blackstock, Inc. ("Blackstock") is a corporation organized under the laws of the State of Florida.

10. Anthony McKnight is an individual residing in Florida.

11. Sherrie McKnight is an individual residing in Florida.

12. Doug Rios is an individual residing in Florida.

13. ABC is the owner of all right, title and interest in and to United States Patent Number 10,514,223 entitled "Firearm Trigger Mechanism" ("the '223 Patent").

14. Rare Breed holds the exclusive license to sell products covered by the '223 Patent and has standing to collect damages for lost profits.

15. All of the claims of the '223 Patent are valid and enforceable.

16. The Wide Open Trigger (WOT) and Powered By Graves ALAMO-15 trigger have been accused of infringing the '223 Patent.

17. The Parties intend that the issues of infringement, validity, and enforceability are hereby finally concluded and disposed of and that this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars the Defendants from contending in this action or any other proceeding that the claims of the '223 Patent are invalid, unenforceable or not infringed.

18. Defendants have been making or causing to be made, using or causing to be used, importing, offering to sell, and selling forced reset triggers (i.e., the Wide Open Trigger (WOT) and/or Powered By Graves ALAMO-15 trigger) which are covered by one or more claims of the '223 Patent (the "Infringing Products").

19. At least one claim of the '223 Patent is infringed by the Infringing Products sold, offered for sale, or imported by Defendants.

20. The Parties agree that Plaintiffs had the manufacturing capacity to produce and staff to sell all of the Infringing Products sold by Defendants, and but for the infringement would have realized significant profits and royalties from such sales.

21. Plaintiffs and Defendants have entered into a separate Confidential Settlement Agreement in which they have agreed to terms of compensation for the infringement.

22. Plaintiffs have no adequate remedy at law as to the threat of ongoing infringements by Defendants and are entitled to an injunction barring the ongoing sale of Infringing Products.

23. Violation by any of the Defendants or anyone acting in concert with any of them of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION would cause irreparable damage to Plaintiffs and, upon violation of the injunction, Plaintiffs should be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

24. Defendants waive all right to appeal any part of this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

25. Upon entry of this Consent Judgment and Permanent Injunction, this action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment, Permanent Injunction.

Based on the Stipulations by the Parties, **IT IS HEREBY ORDERED AND ADJUDGED THAT**:

1. Each and all of the Defendants, including any successors, agents, assigns, and transferees, all others holding by, through or under the parties hereto, and all subsidiaries, divisions, related companies or entities, and principals,

owners, investors, managers, and members of the parties and who receive actual notice of this injunction, are PERMANENTLY ENJOINED during the unexpired term of the '223 Patent from making or causing to be made, using or causing to be used, importing, offering for sale, or selling either directly, contributorily or by inducement in the United States any Infringing Products.

2. The Permanent Injunction in Paragraph 1 shall automatically terminate and expire upon expiration of the '223 Patent or upon the entry of a final and unappealable court Order finding that the '223 Patent is invalid.

3. All claims asserted by Plaintiffs against Defendants are hereby dismissed with prejudice

4. The issues of infringement, validity, and enforceability are hereby finally concluded and disposed of and this CONSENT JUDGMENT AND PERMANENT INJUNCTION bars each and any of the Defendants from contending in this action or any other proceeding that the claims of the '223 Patent are invalid, unenforceable or not infringed.

5. This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall finally conclude and dispose of this litigation as to the Parties, and Plaintiffs and Defendants shall be entitled to issue preclusion, claim preclusion, *res judicata* and collateral estoppel effect in future litigation or Patent Office proceedings related to the '223 Patent. This Order explicitly intends such issue preclusion,

claim preclusion, *res judicata* and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the '223 Patent, whether raised in a court proceeding, Patent Office proceeding, reexamination, *inter partes* review or other dispute.

6. The Court finds that violation of the Permanent Injunction granted by this CONSENT JUDGMENT AND PERMANENT INJUNCTION each or any of the Defendants would cause irreparable damage to Plaintiffs and, upon violation of the injunction, Plaintiffs shall be entitled to remedies consistent with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

7. This CONSENT JUDGMENT AND PERMANENT INJUNCTION shall bind all parties, including any successors, assigns, and transferees, all others holding by, through or under the parties hereto, and all subsidiaries, divisions, related companies or entities, and principals, owners, investors, managers, and members of the parties.

8. All parties have read this CONSENT JUDGMENT AND PERMANENT INJUNCTION, have been advised by counsel, and agree to be fully bound by its terms.

9. This Court retains exclusive jurisdiction of this action for the purpose of compliance with this CONSENT JUDGMENT AND PERMANENT INJUNCTION.

10. Final judgment shall be entered pursuant hereto, without further notice.

The Clerk is directed to enter this Final Judgment forthwith.

Ordered this 19th day of October, 2022.

s/Robert L. Hinkle
ROBERT L. HINKLE
UNITED STATES DISTRICT JUDGE

CONSENT TO BE BOUND:

**Big Daddy Enterprises, Inc.**

_____
Anthony McKnight, CEO

Date: 10-10-22

**Big Daddy Unlimited, Inc.**

_____
Anthony McKnight, CEO

Date: 10-10-22

**Wide Open Enterprises, LLC**

_____
Douglas Rios, President

Date: 10-10-22

**We Got Ammo, Inc.**

_____
Douglas Rios, President

Date: 10-10-22

**Blackstock, Inc.**

_____
Anthony McKnight, CEO

Date: 10-10-22

**Douglas Rios**

_____

Date: 10-10-22

**Anthony McKnight**

_____

Date: 10-10-22

**Sherrie McKnight**

_____

Date: 10/10/22

AGREED AS TO FORM:

| | |
|---|---|
|     */s/ Michael J. Smith* |   */Glenn D. Bellamy/* |
| Michael J. Smith (Pro Hac Vice) | Glenn D. Bellamy (Pro Hac Vice) |
| THE FOWLER LAW FIRM, P.C. | WOOD HERRON & EVANS LLP |
| 8310 N. Capital of Texas Hwy. | 600 Vine Street, Suite 2800 |
| Suite 150 | Cincinnati, Ohio 45202 |
| Austin, Texas 78731 | Email: gbellamy@whe-law.com |
| Email: msmith@thefowlerlawfirm.com | Tel: (513) 707-0243 |
| Tel: (512) 441-1411 | |
| | *Attorneys for Plaintiffs* |
| *Attorney for Defendants* | |